```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

NIKKA J. CALLICOATT,            )
                                )
            Plaintiff,          )
                                )
v.                              )       Case No. CIV-06-254-KEW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**OPINION AND ORDER**

Plaintiff Nikka J. Callicoatt (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 31, 1963 and was 42 years old on the date of the ALJ's decision. She completed her high school education. Claimant previously worked as a convenience store clerk and house cleaner. Claimant alleges an inability to work beginning December 4, 2000, due to diabetes mellitus, degenerative disk disease of the lumbar spine, and degenerative joint disease of the bilateral hips.

### Procedural History

On November 25, 1998, Claimant filed for disability insurance benefits and Supplemental Security Income under Title II (42 U.S.C. § 401, *et seq.*) and Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*), alleging a disability since May 19, 1995.

Claimant's application for benefits was denied initially and upon reconsideration. Claimant filed a second application for benefits on May 22, 2001, alleging a disability since December 4, 2000. This application was also denied initially and Claimant did not request reconsideration.

On January 29, 2004, Claimant protectively filed the application under consideration in this latest appeal. Claimant again applied for both disability insurance benefits under Title II and supplemental security income benefits under Title XVI, alleging a disability since December 4, 2000. In his decision, the ALJ acknowledged Claimant had continued to work through May 14, 2004 and was, therefore, not eligible for benefits before that time. (Tr. 20). A hearing was conducted by ALJ Michael Kirkpatrick on June 21, 2005 in McAlester, Oklahoma. Thereafter, the ALJ denied benefits in a decision rendered November 1, 2005. The Appeals Council denied review on April 28, 2006. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, application of the Medical-Vocational Guidelines (the "GRIDS") resulted in a finding that Claimant was not disabled. The ALJ concluded Claimant retained the capacity to

4

perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error requiring reversal in (1) failing to consider Claimant's obesity as a medically determinable impairment; and (2) conclusively relying upon the GRIDS at step five, given the factual record.

**Consideration of Claimant's Obesity**

Claimant contends the ALJ failed to consider evidence in the record which demonstrates Claimant's obesity is a medically determinable impairment. Claimant is 5'3" in height and weighed during the relevant period between 223 and 248 pounds. (Tr. 161, 209, 214, 226, 236, 246, 248, 288, 294, 300, 311, 320). Claimant's admitted conditions include diabetes, hypothyroidism, and degenerative problems with her hips and back. Claimant has been primarily attended by Kim L. Kurvink, M.D. and Nelson Maldonado, M.D. Dr. Kurvink noted in a visit on June 19, 2003 that Claimant was "moderately obese." (Tr. 130). In an appointment on December 22, 2003, Claimant was described by Dr. Kurvink as "well nourished." (Tr. 195). The notes from the remainder of the dates when Claimant saw Dr. Kurvink referenced by Claimant in her briefing indicate Claimant's weight at the time of the appointment as a part of the recorded routine vitals. (Tr. 202, 209, 212, 214, 216, 218, 220, 225, 228, 233, 235, 244, 246, 248). Similar notations are made in the records when Claimant was attended by

5

John McCabe, P.A. (Tr. 241, 288, 290, 292, 294, 296, 298, 300, 320, 323). Dr. Maldonado, a surgeon primarily responsible for removing Claimant's gall bladder, does not make a specific diagnosis of obesity in any of the records for which he was responsible. (Tr. 186-188).

An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id.

Admittedly, the ALJ failed to reference obesity as a condition considered by him in reaching his decision. Indeed, Claimant never raised obesity as a basis for her impairments or an exacerbation of

6

her other conditions. (Tr. 95). Other than speculating that Claimant's obesity exacerbated her other medical conditions, Claimant failed to meet her burden at step three to demonstrate obesity had any effect upon the disability determination. As recognized by the Tenth Circuit Court of Appeals, speculation upon the effect of obesity is discouraged.[2] *See*, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.). Upon review of the record, therefore, this Court finds the ALJ was not required to discuss the effects of obesity.

**Applicability of the Grids**

In order to help evaluate the step five requirement, whether or not there are sufficient jobs in the economy that the claimant can perform given his or her age, education, and work experience, the Social Security Administration has created Medical-Vocational Guidelines, also known as "the grids." *See* 20 C.F.R. § 404.1567; 20 C.F.R. Pt. 404, Subpt. P, App. 2; Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Five degrees of residual functional capacity are outlined in the grids by general exertional level- sedentary, light, medium, heavy, and very heavy exertion. 20 C.F.R. § 404.1569a; Trimiar, 966 F.2d at 1332 n. 22. Residual functional capacity reflects "the maximum degree to which the individual retains the capacity for sustained performance of the physical-

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). If the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may conclude the claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The Grids, however, may not be used where a claimant has nonexertional impairments which further limit the range of jobs he can do but, rather, the Grids may only be used as a guideline in evaluating the case. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

Claimant contends the medical record supports her allegation that she suffered from nonexertional pain in her hand, abdomen, back, hip, legs, and feet as well as headaches. The ALJ found Claimant's allegations of pain to be less than fully credible, explaining Claimant's pain assertions to be "out of proportion to the objective medical findings." (Tr. 24). The ALJ is required to determine that Claimant's nonexertional impairments do not significantly reduce the underlying job base. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995). The ALJ found Claimant's pain was not of such severity as to at prevent Claimant from engaging in "at the very least" sedentary work on a sustained basis. (Tr. 24).

Claimant argues the ALJ fell short of his obligations under the law by not making a specific finding as to the significance of the pain she experienced. By rejecting her pain assertions as not

8

a being supported by the record, the ALJ has made a determination as to the significance of her nonexertional pain without labeling his finding with the specific catch phrase of "insignificant." The ALJ is not required to use any particular language so long as he has engaged in the proper analysis. In this case, this Court finds that he has satisfied his obligations under the law.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 11th day of September, 2007

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE